# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MARK S. BROWN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:17CV2718 |
| ELAINE BRIGGS, FNP, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the parties' Joint Motion to Substitute Defendant, to Dismiss for Lack of Subject-Matter Jurisdiction, and to Remand (ECF No. 8). In the motion, the parties request that the Court order the United States of America ("United States") to be substituted for the Defendant Elaine Briggs, FNP ("Briggs"); issue and order dismissing the United States for lack of subject-matter jurisdiction because Plaintiff has not exhausted his administrative remedies; and issue an order remanding the case to Phelps County, Missouri, from which it was removed, for lack of jurisdiction.

Plaintiff originally filed this cause of action for medical negligence in the Circuit Court of Phelps County, Missouri. (ECF No. 4) On November 15, 2017, Defendant Briggs removed the case to federal court under 28 U.S.C. § 1442(a)(1) because Briggs was a federal employee at the time the alleged acts or omissions occurred. The Court finds that Defendant Briggs was acting within the scope of her employment with the South Central Missouri Health Center d/b/a Your Community Health Center ("YCHC") at the time of the incident, which was deemed eligible for Federal Tort Claims Act ("FTCA") malpractice coverage. (Decl. of Meredith Torres ¶¶ 5-6, ECF No. 1-1; Certification of Scope of Employment by United States Attorney Jeffrey B.

Jensen, ECF No. 1-2) Thus, the proper party defendant is the United States, and the Court will substitute the United States for Defendant Briggs. 28 U.S.C. § 2679(d)(1).

In addition, the United States, with the consent of the other parties, requests that the Court dismiss the claims against the United States without prejudice for failure of Plaintiff to exhaust his administrative remedies. In FTCA cases, a claimant is required to first present the claim to the appropriate federal agency. *Mader v. United States*, 654 F.3d 794, 798 (8th Cir. 2011). Exhaustion of administrative remedies "is a jurisdictional precondition to filing an FTCA suit in federal district court." *Id.* at 805. Plaintiff acknowledges that he did not exhaust his administrative remedies before filing his cause of action. Therefore, the Court finds that Plaintiff's claims against Defendant United States should be dismissed without prejudice for want of subject-matter jurisdiction. *Id.* at 808.

Finally, the Court finds that, because the United States has been dismissed, the Court lacks jurisdiction over the remaining defendants, as neither federal question nor diversity jurisdiction exists. *See* 28 U.S.C. §§ 1331, 1332. "A case must be remanded if, at any time, it appears that the district court lacks subject matter jurisdiction." *Hrastich v. Advance Auto Parts, Inc.*, No. 4:14-CV-22-JAR, 2014 WL 3341121, at *1 (E.D. Mo. July 8, 2014). Therefore, the Court will remand the case to Circuit Court of Phelps County, Missouri.

Accordingly,

**IT IS HEREBY ORDERED** that the Joint Motion to Substitute Defendant, to Dismiss for Lack of Subject-Matter Jurisdiction, and to Remand (ECF No. 8) is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant United States of America shall be substituted for Defendant Elaine Briggs, FNP.

2

**IT IS FURTHER ORDERED** that the claims against Defendant United States of America are **DISMISSED** without prejudice for lack of subject-matter jurisdiction.

**IT IS FINALLY ORDERED** that this case is **REMANDED** to the Twenty-Fifth Judicial Circuit Court, Phelps County, State of Missouri, from which it was removed. An Order of Remand accompanies this Order.

Dated this 17th day of November, 2017.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT**